UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH SMITH,

      Petitioner,

v.

JOHN CHRISTIANSEN,

      Respondent.

Case No. 2:20-cv-12885
Honorable Laurie J. Michelson

---

**OPINION AND ORDER (1) GRANTING MOTION TO DISMISS
PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING
CERTIFICATE OF APPEALABILITY, (3) DENYING PERMISSION
TO APPEAL IN FORMA PAUPERIS, AND (4) DENYING MOTION
FOR BOND**

---

Kenneth Smith is serving a lengthy sentence for second-degree murder

and felony-firearm convictions arising out of guilty pleas in Kalamazoo Circuit

Court. He has now filed a petition for writ of habeas corpus under 28 U.S.C. §

2254. The petition, however, does not challenge the validity of Smith's

convictions. Rather, Smith contests the forfeiture of 1,171 days of disciplinary

credits after he was found guilty at a prison disciplinary proceeding of inciting

a riot or strike. (ECF No. 1, PageID.19-21.) Smith believes the Michigan

Department of Corrections is acting contrary to state law in taking the position

that these forfeited disciplinary credits are non-restorable. He asks this Court

to restore the credits and order his immediate release. (ECF No. 1; ECF No. 12, PageID.676.)

The warden filed a motion to dismiss the petition, asserting that Smith's claim is not cognizable on federal habeas review and, even if it was, is not exhausted. (ECF No. 9.) Smith's response does not address these arguments. Instead, he believes the motion should be denied because after its preliminary review of the habeas petition, the Court determined it was not subject to summary dismissal. With the benefit of argument, however, the Court agrees that Smith's request for the restoration of his forfeited disciplinary credits is not cognizable on habeas review. Thus, the Court grants the motion to dismiss, denies a certificate of appealability, and denies Smith's motion for bond.

## I.

Petitioner pled guilty in 1997 in the Kalamazoo Circuit Court to second-degree murder and commission of a felony with a firearm. (ECF No. 1, PageID.1.) He was sentenced to 35 to 55 years for the murder conviction and a consecutive 2 years for the firearm conviction. (*Id*.) Smith's convictions were affirmed on direct appeal. *People v. Smith*, 2000 WL 33407197 (Mich. Ct. App. Sept. 1, 2000).

In 2006, Smith was found guilty after a prison disciplinary proceeding of inciting a riot or strike. He was sanctioned with the loss of 1,171 days of previously earned disciplinary credits. (ECF No. 1, PageID.19.) Smith

indicates that he pursued the matter through the MDOC's administrative grievance process, arguing that MDOC failed to consider restoring the forfeited disciplinary credits as required by state law, without success. (*Id*. at PageID.20-21.)

In 2019, Smith filed a habeas petition in the Luce Circuit Court, challenging the failure of MDOC to restore his disciplinary credits. (*Id*. at PageID.7.) The state court denied the petition. (*Id*. at PageID.7–8.) Petitioner then filed two complaints for a writ of mandamus in the Gratiot Circuit Court that were also ultimately denied. (*Id*. at PageID.8–9.) Finally, a petition for writ of habeas corpus filed in the Michigan Court of Appeals was dismissed due to filing deficiencies. (ECF No. 10-7, PageID.633.)

## II.

The essence of Smith's claims in both his state court and now federal court habeas proceedings is that, pursuant to state law, and especially Mich. Compiled Laws 800.33(5) and (6), he was entitled to have the MDOC at least consider restoring his forfeited disciplinary credits, but the MDOC has erroneously categorized them as non-restorable. Respondent's motion to dismiss asserts that the petition is not cognizable on habeas review because it constitutes a challenge to the conditions of Smith's confinement instead of the fact or duration of his confinement. (ECF No. 9, PageID.318–320.) The Court agrees that the petition must be dismissed, but for different reasons than

stated by Respondent. The Court finds that the petition raises non-cognizable allegations of state-law error, and that Smith has no constitutionally protected liberty interest in the restoration of disciplinary credits.

First, the Court may not entertain a habeas petition founded on a perceived violation of state law. The Court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Claimed violations of state law, including claims that the state erred in the application of state laws regarding prison disciplinary credits, do not state a cognizable basis for granting federal habeas relief. *See McDonald v. McQuiggan*, No. 07-10915, 2009 WL 2351775, at *3 (E.D. Mich. July 29, 2009) (noting that the interpretation of the forfeiture of disciplinary credits under MICH. COMP. LAWS § 800.33 is a matter of state law that is not cognizable on habeas review) (citing *Hack v. Elo*, 38 F. App'x. 189, 194 (6th Cir. 2002)). Thus, even if MDOC erroneously failed to consider restoration of Smith's disciplinary credits as required by state law, that would be an insufficient basis for granting habeas relief.

Second, Smith has no federal constitutionally protected liberty interest in the restoration of his disciplinary credits. Persons subject to prison disciplinary action may be entitled to the procedural protections of the Due

Process Clause so long as they have a liberty interest at stake. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). And although states may adopt prison regulations that create such liberty interests, those instances are "generally limited to [regulations addressing] freedom of restraint." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Where enforcement of prison regulations do not "inevitably affect the duration of [a prisoner's] sentence," however, the procedural guarantees of the Due Process Clause do not apply. *Id*. at 487.

Here, the disciplinary credits applicable to Smith's sentence do not implicate a liberty interest. In Michigan, prisoners such as Smith who are "serving a sentence for a crime that was committed on or after April 1, 1987," earn disciplinary credits instead of traditional good-time sentencing credit. MICH. COMP. LAWS § 800.33(3)-(5). Unlike the old good-time system, a loss of disciplinary credits does not inevitably effect the duration of a prisoner's incarceration. Rather, it adjusts only a prisoner's parole eligibility and parole discharge dates. And whether the prisoner ultimately gains release and discharge on parole remains within the discretion of the parole board, which considers a number of factors in addition to disciplinary credits. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (disciplinary "credits are explicitly tied to a prisoner's parole eligibility date and discharge date . . . . Thus, credits do not determine when a sentence expires or is completed, but only when a prisoner is subject to parole or discharge.") (citing *Ryan v. MDOC*, 672 N.W.2d

5

535, 541 (Mich. Ct. App. 2003)). A Michigan prisoner subject to disciplinary credits therefore has no constitutionally protected liberty interest associated with the loss of such credits. S*ee Nali v. Ekman*, 355 F. App'x. 909 (6th Cir. 2009) (no liberty interest in disciplinary credits where parole board retains discretion to release a prisoner based on a "myriad of considerations," and prisoner may "explain the circumstances behind his misconduct record" to the board). Because Smith does not have a constitutionally protected liberty interest in the restoration of his forfeited disciplinary credits, he has no viable argument that the MDOC violated his federal constitutional rights as required by §2254(a).

Accordingly, the petition will be denied because Smith asserts only a non-cognizable claim that the MDOC failed to consider restoration of his forfeited disciplinary credits contrary to state law, and because he has no liberty interest entitling him to due process protections in connection with the forfeiture or restoration of those credits.

## III.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.

To warrant a certificate of appealability, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Smith cannot make this showing. Therefore, the Court will deny a certificate of appealability.

The Court likewise denies permission to appeal in forma pauperis because any appeal of this decision would be frivolous. 28 U.S.C. § 1915(a)(3).

## IV.

Finally, Smith filed a motion for bond, asserting that he would be entitled to immediate release on parole if his forfeited disciplinary credits are restored and because of the COVID-19 pandemic. But again, it is not for this Court to determine whether Smith's disciplinary credits should be restored and, even if they were, an entitlement to parole consideration is not an entitlement to release. The motion for bond is denied.

## V.

Accordingly, the Court 1) **GRANTS** Respondent's motion to dismiss and **DENIES** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, 3) **DENIES** permission to appeal in forma pauperis, and 3) **DENIES** Petitioner's motion for bond.

SO ORDERED.

Dated: June 3, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE